THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES S. WADE, Appellant.— Orders unanimously reversed and matter remitted to Erie County Supreme Court for a hearing in accordance with the Memorandum. Memorandum: The petitioner alleges that his adjudication as a probation violator and the sentence imposed on such adjudication November 15, 1950 is void in that he was not represented by counsel or advised of his right to counsel. He further asserts that service of such sentence delayed the commencement of the term of imprisonment he is now serving on a subsequent conviction. Such allegations entitle him to a hearing and an opportunity to present evidentiary support for his contentions. (See *People* v. *Hamilton*, 26 A D 2d 134.) (Appeal from order of Supreme Court, Erie County, denying, without a hearing, motion to vacate a judgment of conviction for forgery, second degree, rendered June 30, 1950; also appeal from order denying motion for same relief following renewal of prior application.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

In the Matter of VIRGIL C. CRISAFULLI, Respondent, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Appellant, and CARL G. MORSE et al., Respondents.— Order unanimously reversed, without costs of this appeal to any party, motion denied and application dismissed, without costs. Memorandum: The Special Term Justice considered this a proceeding under article 78 CPLR. This was incorrect. The applicable statute was subdivision 1 of section 330 of the Election Law. That being so, the application was not timely and Special Term was without jurisdiction. (*Matter of Dow* v. *Lomenzo*, 18 N Y 2d 612; *Matter of Carson* v. *Lomenzo*, 26 A D 2d 790.) In the memorandum decision the Special Term Justice stated that respondent "Lomenzo * * * concedes that this court has the authority under Section 330, subdivision 2 of the Election Law, to use its discretion in granting the petitioner's application herein but the Secretary argues that it would be an abuse of discretion". The record does not so disclose. In fact, in this court the appellant argued that there was no area of discretion and the respondent did not claim that there was such a concession. (Appeal from order of Oneida Special Term granting motion of petitioner to have accepted his designation tendered to him by Liberal party.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ. (Decision and order entered and filed September 20, 1966.)